# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 11-1617** (Webster County No. 11-F-6)

**Davis Wolverton,**
**Defendant Below, Petitioner**

and

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 11-1642** (Webster County No. 11-F-7)

**Kathryn Wolverton,**
**Defendant Below, Petitioner**

**FILED**

May 17, 2013
released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Davis Wolverton ("Mr. Wolverton"), by counsel Daniel R. Grindo, and petitioner Kathryn Wolverton ("Ms. Wolverton")[1], by counsel Bernard R. Mauser, appeal from the Circuit Court of Webster County's August 29, 2011, trial order convicting each of them of one count of delivery of a Schedule II controlled substance, conspiracy, and gross child neglect creating risk of bodily injury or death. Additionally, they appeal the October 28, 2011, order denying their post-trial motion for a new trial and sentencing them. The State, by counsel, Scott E. Johnson, argues in support of the orders.

Upon consideration of the standard of review, the parties' briefs, the record presented, and the oral arguments, this Court finds no substantial question of law and no prejudicial error in this case. Thus, we find that a memorandum decision is the appropriate disposition for this case under Rule 21 of the Revised Rules of Appellate Procedure.

---

[1] Mr. Wolverton is Ms. Wolverton's son.

1

Phillip "P.J." Payne ("Mr. Payne") agreed to assist the state police by acting as a confidential informant.[2] On January 12, 2010, Mr. Payne met with Mr. Wolverton and the two agreed to meet at Mr. Wolverton's residence later that evening so that Mr. Payne could purchase "pills." Prior to the rendezvous with Mr. Wolverton, Mr. Payne was searched by Sergeant Andrew Shingler ("Sgt. Shingler") to ensure that he had no money or drugs on his person. Sgt. Shingler, along with another officer, Corporal Michael Anderson, drove Mr. Payne to Mr. Wolverton's house and dropped him off in the road directly in front of the house with money to purchase drugs. The police officers then parked a small distance away with a partial view of the house.

Mr. Payne testified that after going into the house, he purchased pills from Mr. Wolverton: "Well, his mom [Ms. Wolverton] got off from the couch and walked into a room, and then she came out, handed him the pills, and then I gave him money, he gave me pills . . . ." After the sale, Mr. Payne left the house and got in the officers' vehicle. He gave the pills, marked "Kadian 60 milligrams," to Sgt. Shingler. The police officers searched Mr. Payne again prior to releasing him to ensure that he had no other drugs on his person. Testing indicated that the pills contained morphine.

On January 11, 2011, Mr. Wolverton and Ms. Wolverton were each indicted for delivery of a controlled substance, to wit: morphine, a Schedule II controlled substance; conspiracy; and gross child neglect creating risk of serious bodily injury or death.[3] The trial of both defendants took place on August 4 and 5, 2011. At the trial, Mr. Payne testified that he had previously had infrequent contact with Mr. Wolverton. During cross-examination of Mr. Payne, counsel for each defendant questioned Mr. Payne regarding this testimony, which appeared to contradict sworn testimony he gave during a previous hearing in another case.[4] Mr. Wolverton's counsel asked Mr. Payne, "So you've either lied under oath here today, or you've lied under oath before. Which is it?" Mr. Payne replied that he did not mean to lie, and that he must have misunderstood the questions during the previous hearing. At the conclusion of the trial, the jury returned a verdict against both defendants on each count of the indictment. The court entered an order adopting the jury's verdict on August 29, 2011.

---

[2] Mr. Payne testified at trial that prior to offering to act as a confidential informant, he had been charged with a drug related felony. Neither the police nor the prosecutor made any deals with Mr. Payne in exchange for acting as a confidential informant in this case.

[3] Mr. Payne testified that two of Mr. Wolverton's children were present in the home when he purchased the pills from the petitioners.

[4] The prior hearing testimony was not marked as an exhibit at trial and is not included in the record provided to this Court. The transcripts in the record indicate that the prior testimony was part of an abuse and neglect proceeding.

A hearing on post-trial motions took place on September 30, 2011. During that hearing, the petitioners' post-trial motions were denied. Ms. Wolverton was placed on probation for five years. Mr. Wolverton was sentenced to a term of 1 to 15 years for delivery of a controlled substance, 1 to 5 years for conspiracy, and 1 to 5 years for gross child neglect, with the sentences for the first two counts to run concurrently and consecutively to the third count. Mr. Wolverton's sentence was suspended and he was placed on home confinement which was to be followed by five years of probation.

Both petitioners now appeal to this Court. They argue that the circuit court committed error by failing to strike the testimony of Mr. Payne, by allowing the prosecutor to present false evidence, by failing to direct a verdict of acquittal at the close of the State's case, and by allowing a husband and wife to sit together on the jury.

The admissibility of testimony is evidentiary. "Absent a few exceptions, this Court will review evidentiary and procedural rulings of the circuit court under an abuse of discretion standard." Syl. pt. 1, in part, *McDougal v. McCammon*, 193 W. Va. 229, 455 S.E.2d 788 (1995). *See also* syl. pt. 1, *Watson v. Inco Alloys Int'l, Inc.*, 209 W. Va. 234, 545 S.E.2d 294 (2001) ("'"The admissibility of testimony by an expert witness is a matter within the sound discretion of the trial court, and the trial court's decision will not be reversed unless it is clearly wrong." Syllabus Point 6, *Helmick v. Potomac Edison Co.*, 185 W.Va. 269, 406 S.E.2d 700 (1991), *cert. denied*, 502 U.S. 908, 112 S.Ct. 301, 116 L.Ed.2d 244 (1991).' Syllabus point 1, *West Virginia Division of Highways v. Butler*, 205 W.Va. 146, 516 S.E.2d 769 (1999)."). Furthermore, "[w]e review the trial court's decision on [striking a juror] under an abuse of discretion standard." *State v. Wade*, 200 W. Va. 637, 654, 490 S.E.2d 724, 741 (1997).

The petitioners argue that they are entitled to a new trial pursuant to syllabus point 2, *Franklin v. McBride*, 226 W. Va. 375, 701 S.E.2d 97 (2009), which states,

> In order to obtain a new trial on a claim that the prosecutor presented false testimony at trial, a defendant must demonstrate that (1) the prosecutor presented false testimony, (2) the prosecutor knew or should have known the testimony was false, and (3) the false testimony had a material effect on the jury verdict.

This Court finds no merit in the petitioners' argument because they cannot satisfy any of the three prongs of syllabus point 2 in *Franklin*. Although the trial transcript indicates that Mr. Payne was untruthful, the petitioners have produced no evidence to show whether Mr. Payne was dishonest during the Wolvertons' trial or in the prior hearing. Furthermore, no evidence was produced by the petitioners showing that the prosecutor knew Mr. Payne's testimony was false; the record shows only that the

3

prosecutor recognized that Mr. Payne had testified inconsistently.[5]   Finally, the petitioners have not shown, even if Mr. Payne's testimony at their trial was false, that it had a material effect on the jury verdict.   Both Mr. Wolverton's counsel and Ms. Wolverton's separate counsel cross-examined Mr. Payne on the inconsistencies in his sworn testimony, allowing the jury to weigh Mr. Payne's credibility accordingly.

Because the circuit court correctly refused to strike Mr. Payne's testimony, we find that the court did not err by refusing to direct a verdict of acquittal at the close of the State's case.  We also find no error in the circuit court's decision to allow a husband and wife to sit together on the jury in this case.  In *Helmick v. Potomac Edison Company*, 185 W. Va. 269, 406 S.E.2d 700 (1991), appellee Potomac Edison Company alleged that it had been prejudiced by the trial court's decision to allow a husband and wife to serve together on the jury.  The Court said, "We find no merit in this claim." *Helmick*, 185 W. Va. at 278, 406 S.E.2d at 709.  We similarly find no merit to Mr. Wolverton's claim, which, like Potomac Edison Company's claim, is absent a showing of prejudice.

We conclude that the circuit court did not abuse its discretion with regard to Mr. Payne's testimony or its decision to allow a husband and wife to serve together on the jury.  Therefore, we affirm the circuit court's August 29, 2011, trial order, and we affirm the October 28, 2011, order sentencing the petitioners and denying post-trial motions.

Affirmed.

**ISSUED:** May 17, 2013

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

[5] Contrary to the position of the Wolvertons' counsel during oral argument before this Court, the record does not reflect that the prosecutor ever stated that Mr. Payne's testimony at trial was false. At the post-trial hearing, the prosecutor said, "I agree that Mr. Payne testified inconsistently . . . . I did not present knowingly false testimony."

4